b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MELANIE RENEE COMEAUX ET AL,**
**Plaintiff**

**CIVIL DOCKET NO. 2:26-CV-00665**

**VERSUS**

**JUDGE EDWARDS**

**RIDER AEROSPACE MODIFICATION CONSULTING L L C ET AL,**
**Defendants**

**MAGISTRATE JUDGE PEREZ-MONTES**

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 19) filed by Plaintiffs Melanie Renee Comeaux and Scott Comeaux (collectively, "Plaintiffs"). Defendants Rider Aerospace Modification Consulting, LLC and Steven Paul Rider (collectively, "Defendants") do not oppose.

Because complete diversity does not exist, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 19) be GRANTED and the case be REMANDED to the 14th Judicial District Court in Calcasieu Parish, Louisiana.

## I. Background

In February 2026, Plaintiffs filed a Petition for Damages against Defendants in the 14th Judicial District Court in Calcasieu Parish, Louisiana. ECF No. 1-1. Defendants removed pursuant to 28 U.S.C. § 1332. ECF No. 1.

Plaintiffs amended their Petition and named Progressive Security Insurance Company ("Progressive Security") as a defendant. ECF No. 19 at 2. Plaintiffs now move to remand because Progressive Security shares citizenship with Plaintiffs. *Id.* at 6. Defendants do not oppose the request to remand. ECF No. 22.

## II. <u>Law and Analysis</u>

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution or federal legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

The general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 between citizens of different states. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman N. Am., Inc.*, 64 Fed. App'x. 416, at *1 (5th Cir. 2003). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005); *Caterpillar Inc.*, 519 U.S. at 68; *Heritage Bank v. Redcom Lab'ys, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001).

Here, no party disputes Plaintiffs and Progressive Security share Louisiana citizenship. Because Plaintiffs and Progressive Security are citizens of the same state, complete diversity does not exist, and this Court lacks subject-matter jurisdiction. Accordingly, this matter should be remanded.

## III. Conclusion

Because complete diversity does not exist, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 19) be GRANTED and the case be REMANDED to the 14th Judicial District Court in Calcasieu Parish, Louisiana.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, August 5, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE